**COPY**

1  Laurence M. Rosen, Esq. (SBN 219683)
2  THE ROSEN LAW FIRM, P.A.
3  333 South Grand Avenue, 25th Floor
   Los Angeles, CA 90071
4  Telephone: (213) 785-2610
   Facsimile: (213) 226-4684
5  Email: lrosen@rosenlegal.com

6  Counsel for Plaintiff

7          UNITED STATES DISTRICT COURT
8          CENTRAL DISTRICT OF CALIFORNIA

9  RICK CHENG, INDIVIDUALLY AND ON
10 BEHALF OF ALL OTHERS SIMILARLY
   SITUATED,                                    CASE No.: CV11-05509 GW (CWx)
11
12          Plaintiff,
                                                COMPLAINT
13          vs.
                                                CLASS ACTION
14 A-POWER ENERGY GENERATION
15 SYSTEMS, LTD., JINXIANG LU,
   MICHAEL ZHANG, ROBERT B. LECKIE,            **JURY TRIAL**
16 DILIP LIMAYE, REMO RICHLI,                  **DEMANDED**
17 ZHENYU FAN, JIANMIN WU, KIN
   KWONG MAK, EDWARD MENG
18          Defendants.
19

20

21        Plaintiff Rick Cheng ("Plaintiff"), individually and on behalf of all other

22 persons similarly situated, by his undersigned attorneys, for his complaint against

23
   Defendants, alleges the following based upon personal knowledge as to himself and
24
25 his own acts, and information and belief as to all other matters, based upon, *inter*

26
   *alia*, the investigation conducted by and through his attorneys, which included,
27
28 among other things, a review of the defendants' public documents, conference calls

                                    1

and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding A-Power Energy Generation Systems, Ltd. ("A-Power" or the "Company"), securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## **NATURE OF THE ACTION**

1.     This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased the common stock of A-Power between March 31, 2008 and June 27, 2011, inclusive, (the "Class Period") seeking to recover damages caused by Defendants' violations of federal securities laws.

2.     During the Class Period, Defendants issued materially false and misleading statements and omitted to state material facts that rendered their affirmative statements misleading as they related to the Company's financial performance, business prospects, and true financial condition.

## **JURISDICTION AND VENUE**

3.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act, and Rule 10b-5 promulgated thereunder (17 C.F.R.  §240.10b-5).

4.      This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

5.      Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b).

6.      In connection with the acts, conduct, and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## **PARTIES**

7.      Plaintiff, Rick Cheng as set forth in the accompanying certification, incorporated by reference herein, purchased A-Power securities at artificially inflated prices during the Class Period and has been damaged thereby.

8.      Defendant A-Power is a British Virgin Islands Corporation whose principal place of business is located at NO.44 Jingxing Road, Tiexi District, Shenyang,Liaoning Province, China, 110021.

9.      A-Power, through its subsidiaries, purports to be the largest provider of distributed power generation systems in China, focusing on the design, construction, and installation of distributed generation (DG) systems in China.

10.     At all relevant times, the Company's stock was actively traded on the NASDAQ under ticker "APWR."

11.     Defendant Jinxiang Lu ("He") has been the Company's CEO and Chairman of the Board since January 2008.

12.     Defendant Edward Meng ("Meng") was the Company's CFO from

13.     Defendant Kin Kwong Mak ("Mak") was the Company's CFO since 2008.

14.     Defendant John S. Lin ("Lin") was the Company's interim CFO on March 5, 2009

15.     Defendant Michael Zhang ("Zhang") has been the Company's Vice President since January 2010 and one of the Company's directors since June 2010.

16.     Defendant Robert B. Leckie ("Leckie") was a Director of the Company from March 2008 to June 2011.

17.     Defendant Dilip Limaye ("Limaye") has been a Director of the Company since January 2008.

18.     Defendant Remo Richli ("Richli") has been a Director of the company since January 2008.

19.     Defendant Zhenyu Fan ("Fan") has been a Director of the company since January 2008.

20.     Defendant Jiamin Wu ("Wu") was a Director of the Company since January 2008.

4

21.    Defendants Edward Meng ("Meng") was A-Powers CFO from the beginning of the class period until he was replaced by Mr. Lin.

22.    During the Class Period, each of the Individual Defendants, as senior executive officers, agents, and/or directors of A-Power and its subsidiaries and affiliates, was privy to non-public information concerning the Company's business, finances, products, markets, and present and future business prospects, via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof, and via reports and other information provided to them in connection therewith.   Because of their possession of such information, the Individual Defendants knew or recklessly disregarded the fact that adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

23.    The Individual Defendants participated in the drafting, preparation, and/or approval of the various public, shareholder, and investor reports and other communications complained of herein and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially false and misleading nature.  Because of their Board membership and/or executive and managerial positions with A-Power, each of the Individual Defendants had access to the adverse undisclosed information about A-Power's financial condition and performance as particularized herein and knew (or

recklessly disregarded) that these adverse facts rendered the positive representations made by or about A-Power and its business issued or adopted by the Company materially false and misleading.

## ALLEGATIONS OF FALSE STATEMENTS

24.    The Class Period begins on March 31, 2008 when the Company issued a press release announcing fiscal year ended December 31, 2007 results.   The Company stated that for fiscal 2007, it earned revenue of $152.5 million and net income of $15.2 million.

25.    On July 11, 2008, the Company filed its annual report for the fiscal year ended December 31, 2007 with the SEC on Form 20-F ("2007 20-F.") The 20-F was signed by defendants Lu and Meng, and, pursuant to Sarbanes-Oxley Act of 2002 ("SOX"), was separately certified by defendants Lu and Meng attesting to the accuracy of the form.

26.    The Company reported revenue of $152.5 million and net income of $15.2 million.

27.    On September 2, 2008, the Company filed its quarterly report for the quarterly period ended June 30, 2008 with the SEC on the Form 6-K ("Q1 2008 6-K.") The 6-K was signed by defendant Meng, and pursuant to the SOX, was separately certified by defendant Meng attesting to the accuracy of the form.

28.     The Q1 2008 6-K reported revenue of $98.1 million and net income of $9.1 million for the first six months for fiscal 2008.

29.     On April 9, 2009, the Company issued a press release for its fourth quarter 2008 and full year 2008 financial results.  The Company reported fourth quarter revenue and net income of $81.4 million and $10.0 million and full year revenue and net income of $264 million and $28.5 million respectively.

30.     On June 30, 2009, the Company filed its annual report for the fiscal year ended December 31, 2008 with the SEC on Form 20-F ("2008 20-F.") The 20-F was signed by defendants Lu and Lin, and, pursuant to Sarbanes-Oxley Act of 2002 ("SOX"), was separately certified by defendants Lu and Meng attesting to the accuracy of the form.

31.     The 2008 20-F reported 2008 revenue and net income of $264.8 million and $28.5 million respectively.

32.     On August 27, 2009, the Company issued a press release announcing financial results for 2Q 2009.    The press reported second quarter 2009 financial results.  The Company reported revenue of $57.5 million and net income of $63 million.

33.     On March 31, 2010, the Company filed its annual report for the fiscal year ended December 31, 2009 with the SEC on Form 20-F ("2009 20-F.") The 20-F was signed by defendants Lu and Mak, and, pursuant to Sarbanes-Oxley Act of

2002 ("SOX"), was separately certified by defendants Lu and Mak attesting to the accuracy of the form.

34.     The 2009 20-F reported revenue and net loss for fiscal 2009 of $311.2 million and $16.5 million respectively.

35.     On April 2, 2010, the Company issued a press release announcing the financial results for fourth quarter 2009 and full year 2009.  The Company reported Q4 revenue and net income of $125.9 million and a net loss of $23.9 million and full year 2009 revenue and net income of $311.3 million and loss of $16.7 million.

36.     On August 26, 2010, the Company issued a press release announcing financial results for the second quarter 2010.

37.     The Company reported second quarter revenue of $74.8 million and net income of $7.7 million.

38.     On December 1, 2010, the Company issued a press release announcing financial results for the third quarter 2010.  The press release reported third quarter 2010 revenue of $57.3 million and net loss of $1.0 million.

39.     All of the revenue and net income reported in the annual and quarterly reports set forth above during the class period was materially false and misleading.

40.     The falsity of the reported revenue and income is demonstrated by the fact that the Company reported materially lower revenue and net income in its filings with the Chinese State Administration of Industry and Commerce ("SAIC").

41.    As a result of the false statements, A-Power's stock price has dropped by 50% and Nasdaq has halted all trading in its stock.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

42.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of A-Power during the Class Period and who were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

43.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, A-Power's securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class. Members of the Class may be identified from records maintained by A-Power or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

44.    Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

45.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

46.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)  whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)  whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of A-Power; and

(c)  to what extent the members of the Class have sustained damages and the proper measure of damages.

47.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

**Applicability of Presumption of Reliance:**

**<u>Fraud-on-the-Market Doctrine</u>**

48.   At all relevant times, the market for A-Power's common stock was an efficient market for the following reasons, among others:

(a)   A-Power's stock met the requirements for listing, and is listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)   During the class period, on average, over several hundreds of thousands of shares of A-Power stock were traded on a weekly basis, demonstrating a very active and broad market for A-Power stock and permitting a *very strong* presumption of an efficient market;

(c)   As a regulated issuer, A-Power filed periodic public reports with the SEC and was eligible and did file short form registration statements with the SEC on Form S-3 during the Class Period;

(d)   A-Power regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(e)   A-Power was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period. Each of these reports was publicly available and entered the public marketplace;

Class Action Complaint for Violation of the Federal Securities Laws

(f)     Numerous NASD member firms were active market-makers in A-Power stock at all times during the Class Period;  and

(g)     Unexpected material news about A-Power was rapidly reflected and incorporated into the Company's stock price during the Class Period.

49.     As a result of the foregoing, the market for A-Power's common stock promptly digested current information regarding A-Power from all publicly available sources and reflected such information in A-Power's stock price.  Under these circumstances, all purchasers of A-Power's common stock during the Class Period suffered similar injury through their purchase of A-Power's common stock at artificially inflated prices, and a presumption of reliance applies.

## FIRST CLAIM

### Violation of Section 10(b) Of

### The Exchange Act Against and Rule 10b-5

### Promulgated Thereunder Against All Defendants

50.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

51.     This claim is brought against A-Power and all of the Individual Defendants.

52.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including plaintiff and other Class members, as

alleged herein; and (2) cause plaintiff and other members of the Class to purchase A-Power's common stock at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

53.    Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain artificially high market prices for A-Power's common stock in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

54.    Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of A-Power as specified herein.

55.    These Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors

of A-Power's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about A-Power and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of A-Power's common stock during the Class Period.

56.    Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the Individual Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these defendants, by virtue of his or her responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) each of these defendants was aware of the Company's dissemination of

information to the investing public which they knew or recklessly disregarded was materially false and misleading.

57.    Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.  Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing A-Power's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its common stock. As demonstrated by Defendants' overstatements and misstatements of the Company's financial condition throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

58.    As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of A-Power's common stock was artificially inflated during the Class Period. In ignorance of the fact that market prices of A-Power's publicly-traded common stock were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in

which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired A-Power common stock during the Class Period at artificially high prices and were or will be damaged thereby.

59.    At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding A-Power's financial results, which were not disclosed by defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their A-Power common stock, or, if they had acquired such common stock during the Class Period, they would not have done so at the artificially inflated prices that they paid.

60.    By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

61.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's common stock during the Class Period.

62.     This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM

### Violation of Section 20(a) Of

### The Exchange Act Against the Individual Defendants

63.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

64.     The Individual Defendants acted as controlling persons of A-Power within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.  The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were

issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

65.    In particular, each Defendant had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

66.    As set forth above, A-Power and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

67.    By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

68.    This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)    Determining that this action is a proper class action, designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil

Procedure and Plaintiff's counsel as Class Counsel;

       (b)    Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

       (c)    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

       (d)    Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

       Plaintiff hereby demands a trial by jury.

Dated: July1, 2011               Respectfully submitted,

                           **THE ROSEN LAW FIRM, P.A.**

_____
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV11- 5509 GW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK CHENG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF(S)<br><br>v.<br><br>A-POWER ENERGY GENERATION SYSTEMS, LTD. et al<br>(SEE ATTACHED)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 11-05509** GW(CWx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): _____
_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Laurence M. Rosen_____, whose address is _333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL - 1 2011

Clerk, U.S. District Court

Dated: _____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                                    SUMMONS

ATTACHMENT

PLAINTIFFS

RICK CHENG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

DEFENDANTS

A-POWER ENERGY GENERATION SYSTEMS, LTD., JINXIANG LU, MICHAEL ZHANG, ROBERT B. LECKIE, DILIP LIMAYE, REMO RICHLI, ZHENYU FAN, JIANMIN WU, KIN KWONG MAK, EDWARD MENG

Name & Address:
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK CHENG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF(S) <br><br> v. <br><br> A-POWER ENERGY GENERATION SYSTEMS, LTD. et al (SEE ATTACHED) <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV11-05509 GW (CWx) <br><br><br> SUMMONS |

TO:   DEFENDANT(S): _____
_____

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Laurence M. Rosen_____, whose address is _333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

JUL - 1 2011

Clerk, U.S. District Court

**JULIE PRADO**

SEAL

Dated: _____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                                SUMMONS

## ATTACHMENT

### PLAINTIFFS

RICK CHENG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

### DEFENDANTS

A-POWER ENERGY GENERATION SYSTEMS, LTD., JINXIANG LU, MICHAEL ZHANG, ROBERT B. LECKIE, DILIP LIMAYE, REMO RICHLI, ZHENYU FAN, JIANMIN WU, KIN KWONG MAK, EDWARD MENG

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> RICK CHENG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | **DEFENDANTS** <br> A-POWER ENERGY GENERATION SYSTEMS, LTD., JINXIANG LU, MICHAEL ZHANG, ROBERT B. LECKIE, DILIP LIMAYE, REMO RICHLI, ZHENYU FAN, JIANMIN WU, KIN KWONG MAK, EDWARD MENG |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Laurence M. Rosen, Esq. (SBN 219683), THE ROSEN LAW FIRM, P.A., 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071, Tel: (213) 785-2610, Fax: (213) 226-4684, Email: lrosen@rosenlegal.com | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action for Violations of the Federal Securities Laws, 15 U.S.C. §78j(b) and 78t(a), 15 U.S.C. §§77k and 77o

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV11-05509**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Illinois, Cook County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | People's Republic of China |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____  Date 7/1/11

   **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |