1   Richard M. Heimann (State Bar No. 63607)
    rheimann@lchb.com
2   Joy A. Kruse (State Bar No. 142799)
    jakruse@lchb.com
3   Sharon M. Lee
    slee@lchb.com
4   LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP
5   275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
6   Telephone: 415.956.1000
    Facsimile: 415.956.1008
7
8   *Counsel for the A-Power Investor Group and*
    *Proposed Lead Counsel for the Class*

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12  RICK CHENG, Individually and on        Civil No. 2:11-cv-5509-GW-CW
    Behalf of All Others Similarly
    Situated,                              MEMORANDUM OF POINTS AND
13                                          AUTHORITIES IN SUPPORT OF
               Plaintiff,                   MOTION OF A-POWER INVESTOR
14                                          GROUP FOR CONSOLIDATION OF
         v.                                 ALL RELATED CASES,
15                                          APPOINTMENT AS LEAD
    A-POWER ENERGY GENERATION              PLAINTIFF, AND APPROVAL OF
16  SYSTEMS LTD, JINXIANG LU,             LEAD COUNSEL
    MICHAEL ZHANG, ROBERT B.
17  LECKIE, DILIP LIMAYE, REMO            DATE:     September 26, 2011
    RICHLI, ZHENYU FAN, JIANMIN           TIME:     8:30 a.m.
18  WU, KIN KWONG MAK and                 JUDGE:    Honorable George H. Wu
    EDWARD MENG,                          CTRM:     10
19
               Defendants.
20
    ALI ARAR, Individually and on          Civil No. 2:11-cv-05649-VBF-E
21  Behalf of All Others Similarly
    Situated,
22
               Plaintiff,
23
    v.
24
    A-POWER ENERGY GENERATION
25  SYSTEMS LTD, JINXIANG LU,
    KIN KWONG MAK, JOHN S. LIN,
26  EDWARD MENG, and MICHAEL
    ZHANG,
27
               Defendants.
28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

INTRODUCTION ....................................................................................... 1

STATEMENT OF FACTS .......................................................................... 2

ARGUMENT ............................................................................................... 4

I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED .......... 4

II.    A-POWER INVESTOR GROUP SHOULD BE APPOINTED
LEAD PLAINTIFF FOR THE CLASS ................................................. 5

    A.    A-Power Investor Group Is Willing to Serve as a Class
Representative ............................................................................. 6

    B.    A-Power Investor Group Has the Largest Financial
Interest in the Action ................................................................. 8

    C.    A-Power Investor Group Satisfies the Requirements of
Rule 23 of the Federal Rules of Civil Procedure ....................... 9

    D.    A-Power Investor Group Fairly and Adequately
Represents the Interests of the Class and Is Not Subject to
Unique Defenses ...................................................................... 11

III.    LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL
SHOULD BE APPROVED ................................................................ 11

CONCLUSION .......................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

<u>**Cases**</u>

*Aronson v. McKesson HBOC, Inc.,*
    79 F. Supp. 2d 1146 (N.D. Cal. 1999) .........................................5, 9

*Danis v. USN Communs., Inc.,*
    189 F.R.D. 391 (N.D. Ill. 1999) ...........................................9

*Erikson v. Cornerstone Propane Partners LP,*
    No. 03-2522(MHP), 2003 U.S. Dist. LEXIS 18009
    (N.D. Cal. Sept. 9, 2003) .................................................6

*Fields v. Wolfson,*
    41 F.R.D. 329 (S.D.N.Y. 1967) ..........................................5

*Hanon v. Dataproducts Corp.,*
    976 F.2d 497 (9th Cir. 1992) ...........................................10

*In re Gemstar-TV Guide Int'l. Sec. Litig.,*
    209 F.R.D. 447 (C.D. Cal. 2002) .........................................8

*In re McKesson HBOC, Inc. Sec. Litig.,*
    97 F. Supp. 993 (N.D. Cal. 1999) .......................................9

*In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.,*
    693 F.2d 847 (9th Cir. 1982) ...........................................10

*In re Olsten Corp. Sec. Litig.,*
    3 F. Supp.2d 286 (E.D.N.Y. 1998) .....................................9

*Lax v. First Merchants Acceptance Corp.,*
    Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
    (N.D. Ill. Aug. 11, 1997) ...............................................9

*Lerwill v. Inflight Motion Pictures, Inc.,*
    582 F.2d 507 (9th Cir. 1978) ...........................................10

*Osher v. Guess?, Inc.,*
    No. CV 01-00871 LGB, 2001 U.S. Dist. LEXIS 6057
    (C.D. Cal. Apr. 26, 2001) .............................................6, 11

*Riordan v. Smith Barney,*
    113 F.R.D. 60 (N.D. Ill. 1986) ........................................11

*Squyres v. Union Texas Petroleum Holdings, Inc.,*
    No. CV 98-6085-LGB, 1998 U.S. Dist. LEXIS 22945
    (C.D. Cal. Nov. 2, 1998) ...............................................6

*Takeda v. Turbodyne Techs. Inc.,*
    67 F.Supp.2d 1129 (C.D. Cal. 1999) ................................5, 10

-ii-

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Tanne v. Autobytel, Inc.,*
    226 F.R.D. 659 (C.D. Cal. 2005) ..................................................................9

*Wenderhold v. Cylink Corp.,*
    188 F.R.D. 577 (N.D. Cal. 1999) ..................................................................9

**<u>Statutes</u>**

15 U.S.C. § 78u-4 ...........................................................................................passim

Fed. R. Civ. P. 23 .................................................................................................8, 9

Fed. R. Civ. P. 42 ...................................................................................................4

MPA ISO Mot. for Consolidation
Civil No. 2:11-CV-5509-GW-CW

**PRELIMINARY STATEMENT**

William J. Rooney ("Rooney"), Matthew J. Sprunger ("Sprunger"), Dr. Terry W. Shaw ("Shaw"), Paolo Bechini ("Bechini"), and Robert C. Treadwell ("Treadwell") (collectively the "A-Power Investor Group") respectfully submit this Memorandum of Points and Authorities in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) consolidating all Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointing the A-Power Investor Group as Lead Plaintiff on behalf of all persons that purchased or otherwise acquired A-Power Energy Generation Systems Ltd. ("A-Power" or the "Company") securities (the "Class"); (iii) approving A-Power Investor Group's selection of Lieff, Cabraser, Heimann & Bernstein, LLP (the "Lieff Cabraser firm") as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

**INTRODUCTION**

The above-captioned actions[1] (the "Related Actions") are securities class action lawsuits that have been brought against A-Power and certain officers

---

[1] They are entitled the following: *Cheng v. A-Power Energy Generation Systems Ltd.*, 11-cv-05509-GW-CW; and *Arar v. A-Power Energy Generation Systems Ltd.*, 11-cv-05649-VBF-E. The actions are on behalf of all persons who purchased or otherwise acquired A-Power between March 31, 2008 and June 27, 2011 (the "Class Period").

Two actions have been filed in the District of Nevada. The actions are entitled: *Greenberg v. A-Power Energy Generation Systems Ltd.*, 11-cv-472-RCJ-RAM and *Gupta v. A-Power Energy Generation Systems Ltd.*, 11-cv-577-RCJ-VPC. These actions are on behalf of all persons who purchased or otherwise acquired A-Power between August 27, 2009 and June 27, 2011.

One action has been filed in the Southern District of New York. The action is entitled: *Weinberg v. A-Power Energy Generation Systems, Ltd.*, 11 Civ. 6006-JSR. The action is on behalf of all persons who purchased or otherwise acquired A-Power between March 31, 2008 and June 27, 2011.

The A-Power Investor Group is also filing a motion in the D. Nev. actions for consolidation of those actions and appointment as lead plaintiff and filing a motion in the S.D.N.Y. action for appointment of lead plaintiff. Ultimately, the D. Nev., S.D.N.Y. and these actions should be consolidated in one forum.

alleging violations of federal securities laws. Each raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The A-Power Investor Group, with approximate losses of $876,257 in connection with its purchases of A-Power securities during the Class Period, is adequate and typical to serve as lead plaintiff.  The A-Power Investor Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff for these actions.  The A-Power Investor Group has the largest financial interest in the relief sought in these actions by virtue of its substantial investment in A-Power securities during the Class Period and the losses it suffered as a result of Defendants' misconduct.  The A-Power Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate representative with claims typical of the other Class members. Accordingly, the A-Power Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

A-Power is a renewable energy company in China engaged in providing onsite distributed power generation systems and micro power grids for industrial companies.  It is engaged in designing, constructing, installing and testing distributed power generation and micro power grids as stand-alone facilities and for various customers in the steel, chemical, ethanol, cement, and food industries. The Company designs projects, subcontracts its construction and installation to approved third-party subcontractors under its project oversight, and conducts testing on completed projects prior to turning them over to our customers. In addition to distributed power generation systems, the Company also designs,

installs and constructs related facilities for industrial companies.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company improperly accounted for its related-party transactions such that its financial statements were presented in violation of Generally Accepted Accounting Principles ("GAAP"); (2) the Company's revenues and income were misstated in violation of GAAP; (3) the Company's revenue and income reported in its filings with the SEC were overstated as the Company reported materially lower revenue and net income in its filings with the Chinese State Administration for Industry and Commerce ("SAIC"); (4) the Company lacked adequate internal and financial controls; and (5) as a result of the foregoing, the Company's financial results were materially false and misleading at all relevant times.

On June 17, 2011, A-Power announced that an independent director had resigned from the Company's Board of Directors as a result of concerns that his views on process and best practices were not necessarily shared throughout the Company."  Later in the day, *Seeking Alpha* raised a number of red flags indicating fraud at the Company, including allegations that the 2009 financial statements filed by A-Power with the SAIC showed less than one-tenth of the revenue and cash balances than reported in statements filed with the SEC.  On this news, A-Power stock fell $0.51 per share or more than 22% in two consecutive trading sessions, to close at $1.74 per share on June 20, 2011.

On June 27, 2011, A-Power announced that its independent auditor, MSCM LLP, had resigned effective June 26, 2011, and that its end-of-year 2010 Form 20-F filing would be delayed.  Trading of the Company's shares was halted at $2.67 per share on the same day by NASDAQ, until the Company could provide "additional information."

1       On June 28, 2011, the Company announced that the Chairs of its Board of

2   Director's audit and compensation committees had resigned effective June 27,

3   2011.

4       On July 1, 2011, the Company announced that another independent director

5   had resigned from the Company's Board.

6   **ARGUMENT**

7   **I.**    **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

8       On July 2, 2011, the first of the two above-captioned actions against A-

9   Power was filed in the Central District of California.  These Related Actions allege

10  the same factual events and name the same core defendants.  Further, the

11  complaints allege similar legal bases for their claims: Sections 10(b) and 20(a) of

12  the Exchange Act.  In sum, the Related Actions involve common questions of fact

13  and law.  Accordingly, pursuant to Fed. R. Civ. P. 42(a), the Related Actions may

14  be consolidated for all purposes.

15      Consolidation of related cases is proper where, as here, the actions involve

16  common questions of law and fact such that consolidation would prevent

17  unnecessary cost or delay in adjudication:

18      When actions involving a common question of law or fact are pending

19      before the court, it may order a joint hearing or trial of any or all of the

20      matters in issue in the actions; it may order all the actions

21      consolidated; and it may make such orders concerning proceedings

22      therein as may tend to avoid unnecessary costs or delays.

23  Fed. R. Civ. P. 42(a). *See also Manual for Complex Litig. (3d),* 20.123, at 13-14

24  (1995).

25      The PSLRA contemplates consolidation where "more than one action on

26  behalf of a class asserting substantially the same claim or claims arising under this

27  chapter has been filed," *see* 15 U.S.C. 78u-4(a)(3)(A)(ii), and did not displace the

28  traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *Aronson v.*

*McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999). Under the traditional principles of consolidation, complaints may be consolidated regardless of whether the individual claims or causes of action are identical. As such, one court has recently noted, "neither Rule 42 nor the PSLRA demands that the actions be identical." *Takeda v. Turbodyne Techs. Inc.*, 67 F.Supp.2d 1129, 1133 (C.D. Cal. 1999).  Indeed, it has long been routine in federal securities actions to consolidate such actions, and considered prejudicial to defendants not to do so. *See, e.g., Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967).

As noted above, here, the allegations in the Related Actions are based on the same underlying facts and events, which occurred during the same time period, and charge the same core defendants with violations of the federal securities laws.

The consolidation of these actions will expedite pretrial proceedings, reduce duplication, avoid contacting of parties and witnesses for inquiries in multiple proceedings and minimize the expenditure of time and money by all persons concerned. Moreover, consolidation will reduce the confusion and delay that may result from prosecuting these related class actions separately. Further, the defendants have not stated any prejudice that they would suffer as a result of consolidation of these actions. Thus, the motion by the A-Power Investor Group to consolidate the Related Actions should be granted.

## II.   A-POWER INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a  published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to

consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa)   has either filed the complaint or made a motion in response to a notice . . .;

(bb)   in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See Erikson v. Cornerstone Propane Partners LP*, No. 03-2522(MHP), 2003 U.S. Dist. LEXIS 18009, at *8-*9 (N.D. Cal. Sept. 9, 2003); *Squyres v. Union Texas Petroleum Holdings, Inc.*, No. CV 98-6085-LGB, 1998 U.S. Dist. LEXIS 22945, at *5 (C.D. Cal. Nov. 2, 1998); *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB, 2001 U.S. Dist. LEXIS 6057, at *11 (C.D. Cal. Apr. 26, 2001).

As set forth below, the A-Power Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

**A.      A-Power Investor Group Is Willing to Serve as a Class Representative**

On July 2, 2011, counsel in the first filed action entitled action *Cheng v. A-Power Energy Generation Systems Ltd.*, 11-cv-05509-GW-CW, caused a notice to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA announcing that a securities class action had been filed against the defendants herein, and that investors of A-Power securities had until August 30, 2011[2], to file a motion to be

---

[2] The press release erroneously calculated the deadline to file a motion to be appointed as Lead Plaintiff.  The correct deadline is August 31, 2011 as it is sixty days from the notice dated July 2, 2011.

MPA ISO Mot. for Consolidation
Civil No. 2:11-CV-5509-GW-CW

1    appointed as Lead Plaintiff.  *See* Kruse Decl., Exhibit A.[3]

2         The A-Power Investor Group has filed the instant motion pursuant to the

3    Notice and has attached Certifications attesting that it is willing to serve as a Lead

4    Plaintiff for the Class and is willing to provide testimony at depositions and trial, if

5    necessary.  *See* Kruse Decl., Exhibit B.  Accordingly, the A-Power Investor Group

6    satisfies the first requirement to serve as Lead Plaintiff for the Class

7         Contemporaneously with this filing, A-Power Investor Group members

8    Messrs. Rooney, Sprunger, Shaw, Bechini and Treadwell have submitted a Joint

9    Declaration, demonstrating that each of them is knowledgeable about this litigation;

10   they are actively working together, and are committed to protecting the interests of

11   the Class.  *See* Joint Decl. of William J. Rooney, Dr. Terry W. Shaw, Paolo

12   Bechini, Robert C. Treadwell, Jr., And Matthew J. Sprunger for Consolidation of

13   Related Actions, Appointment as Lead Plaintiff And Approval of Lead Counsel

14   ("Joint Decl."), attached as Exhibit D to the Kruse Decl.  They have "knowledge of

15   the requirements and responsibilities of a lead plaintiff in a securities class action

16   governed by the PSLRA."  Joint Decl. ¶ 2.  They understand that it is their

17   "responsibility to keep informed regarding the status and progress of this action, the

18   strengths and weaknesses of the case, and any prospects for resolution of this

19   matter."  *Id.*

20        Further, in consultation with their counsel, they have "agreed to proceed

21   together."  *Id.* ¶ 6.  In addition, they have expressed an intention to "meet

22   telephonically at least quarterly amongst ourselves and Lead Counsel for case status

23   updates."  *Id.* ¶ 3.  Also, they will consult with each other, and with their "counsel

24   in advance of major litigation events, such as important motions, settlement

25   discussions, trial preparation and trial, and shall have the authority and

26   responsibility to direct counsel with respect to each of these events after receiving

27

28   [3] "Kruse Decl." refers to the Declaration of Joy A. Kruse, submitted herewith in support of the motion of the A-Power Investor Group.

the benefit of Lead Counsel's advice." *Id*.  Thus, members of the A-Power Investor Group have made a proper evidentiary showing of their ability to work cohesively and to serve as Lead Plaintiff.

### B. A-Power Investor Group Has the Largest Financial Interest in the Action

As noted above, the PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the "person" or "group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

As of the time of the filing of this motion, the A-Power Investor Group believes that it has the largest financial interest of anyone in the relief sought by the Class.

| Movant | Shares Purchased | Costs | Retained Shares | Approximate Loss |
|---|---|---|---|---|
| Rooney | 48,917 | $839,658 | 26,717 | $411,212 |
| Sprunger | 75,100 | $666,623 | 25,330 | $151,896 |
| Shaw | 12,039 | $139,633 | 11,509 | $133,394 |
| Bechini | 15,000 | $114,115 | 15,000 | $114,115 |
| Treadwell | 10,000 | $65,640 | 10,000 | $65,640 |
| **Total** | **161,056** | **$1,825,668** | **88,556** | **$876,257** |

In total, the A-Power Investor Group suffered losses of approximately $876,257.

*See* Kruse Decl., Exhibit C. Because the A-Power Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d. 993 (N.D. Cal. 1999) (determining movants' financial interest based on number of shares purchased during the class period, net shares purchased during the class period, net funds expended during the class period, and approximate loss); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) (same); *Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997) (same).

### C.   A-Power Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA requires that the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-(a)(3)(B)(iii)(I)(cc). With respect to the claims of class representatives, Rule 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representatives will fairly and adequately protect the interests of the class. For purposes of a motion to appoint lead plaintiff pursuant to the PSLRA, however, all that is required is a "preliminary showing" that the lead plaintiff's claims are typical and adequate. *Aronson*, 79 F. Supp. 2d at 1158 (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587 (N.D. Cal. 1999)). *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same

legal theory." *Id.*  Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.  See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

The A-Power Investor Group's claims are typical of those of the Class. It alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning A-Power, or omitted to state material facts necessary to make the statements they did make not misleading. The A-Power Investor Group, as did all members of the Class, purchased A-Power securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda*, 67 F. Supp. 2d at 1137 (citing *Riordan v.*

*Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

The A-Power Investor Group is an adequate representative for the Class. There is no antagonism between its interests and those of the Class and its loss demonstrates that it has a sufficient interest in the outcome of this litigation. Moreover, it has retained counsel highly experienced in prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### D.   **A-Power Investor Group Fairly and Adequately Represents the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing the A-Power Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The A-Power Investor Group's ability and desire to fairly and adequately represent the Class have been discussed above. The A-Power Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Thus, the A-Power Investor Group should be appointed Lead Plaintiff for the Class.

## III.   **LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *15. The Court should only interfere with lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

1    Here, the A-Power Investor Group has selected the Lieff Cabraser firm to

2  serve as Lead Counsel for the Class. As detailed in its firm resume (*see* Kruse

3  Decl., Exhibit E), the Lieff Cabraser firm has extensive expertise and experience in

4  the field of securities litigation and have successfully prosecuted numerous

5  securities fraud class actions and obtained excellent recoveries on behalf of

6  defrauded investors. Thus, the Court may be confident that the Class will receive

7  the highest caliber of legal representation.

8                              **<u>CONCLUSION</u>**

9    WHEREFORE, the A-Power Investor Group respectfully requests that the

10  Court issue an order: (1) consolidating the related actions; (2) appointing the A-

11  Power Investor Group as Lead Plaintiff for the Class; (3) approving the A-Power

12  Investor Group's selection of Lead Counsel for the Class; and (4) granting such

13  other and further relief as the Court may deem just and proper.

14  Dated:  August 31, 2011          Respectfully submitted,

15                                    LIEFF, CABRASER, HEIMANN &
16                                      BERNSTEIN, LLP

17                                    By:    /s/ *Joy A. Kruse*
                                            Joy A. Kruse
18
                                      Richard M. Heimann (State Bar No. 063607)
19                                    Joy A. Kruse (State Bar No. 142799)
                                      Sharon M. Lee
20                                    275 Battery Street, 29th Floor
                                      San Francisco, CA  94111-3339
21                                    Telephone:  (415) 956-1000
                                      Facsimile:  (415) 956-1008
22
                                      *Counsel for A-Power Investor Group and*
23                                    *Proposed Lead Counsel for the Class*

24

25

26

27

28