Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| RICK CHENG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>A-POWER ENERGY GENERATION SYSTEMS, LTD., JINXIANG LU, MICHAEL ZHANG, ROBERT B. LECKIE, DILIP LIMAYE, REMO RICHLI, ZHENYU FAN, JIANMIN WU, KIN KWONG MAK, EDWARD MENG,<br><br>Defendants. | No. CV-11-5509 GW (CWx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF JASON LI IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. George H. Wu<br><br>Hearing Date: October 17, 2011<br>Time: 8:30 am<br>CTRM: 10 (Spring Street) |

0

Memorandum of Points and Authorities of Jason Li in Opposition to Competing Lead Plaintiff Motions
– No. CV-11-5509 GW (CWx)

| | |
|---|---|
| ALI ARAR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>A-POWER ENERGY GENERATION SYSTEMS, LTD., JINXIANG LU, KIN KWONG MAK, JOHN S. LIN, EDWARD MENG, and MICHAEL ZHANG,<br><br>Defendants. | No. CV-11-5649-VBF (Ex) |

## I. Preliminary Statement

Movant Jason Li lost over $785,000 in connection with his purchase of A-Power Energy Generation Systems, Ltd. ("A-Power" or the "Company") securities. One movant, the self-styled A-Power Investor Group (the "A-Power Group"), by virtue of aggregating the losses of five unrelated individual investors, claims losses of over $876,000. The financial interests of the competing movants are set forth below:

1

Memorandum of Points and Authorities of Jason Li in Opposition to Competing Lead Plaintiff Motions – No. CV-11-5509 GW (CWx)

| Movant | Approximate Loss |
|---|---|
| 1. A-Power Group | 1. 876,257.00 |
|    1a. William J. Rooney | 1a. $411,212.00 |
|    1b. Matthew J. Sprunger | 1b. $151,896.00 |
|    1c. Terry Shaw Accounts | 1c. $133,394.00 |
|    1d. Paolo Bechini | 1d. $114,115.00 |
|    1e. Robert C. Treadwell, Jr. | 1e. $65,640.00 |
| **2. Jason Li** | **2. $785,444.35** |
| 3. Richard Levinson | 3. $380,252.33 |
| 4. Carlos Baeta | 4. $203,950.00 |

Earlier today, competing movant Leonard Steinberg filed a notice of non-opposition acknowledging that Jason Li has the largest financial interest. Docket no. 33.

The A-Power Group, however, does not satisfy the requirements of Rule 23. It is critical to note that courts determining the most adequate lead plaintiff do not merely perform a rote mathematical calculation of comparing alleged losses. Numerical loss is only the first step in the process. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) (most adequate plaintiff must "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."). The second step is analyzing a proposed lead plaintiff's typicality and adequacy under Rule 23.

Here the A-Power Group cannot satisfy the requirements of Fed. R. Civ. P. 23. <u>First</u>, it is group of unrelated investors cobbled together by counsel to artificially construct the largest losses. This flies in the face of the Private Securities Litigation Reform Act ("PSLRA"), which Congress passed to curb lawyer-driven litigation. Indeed, other than attempting to amass the largest

2

Memorandum of Points and Authorities of Jason Li in Opposition to Competing Lead Plaintiff Motions
– No. CV-11-5509 GW (CWx)

financial interest, there is client-driven reason for unrelated shareholders with disparate losses ranging as high as $411,000 and as low as $65,000 to be grouped.

Courts, including many in this Circuit, have rejected lawyer-made groups as lead plaintiffs because such groups violate the spirit of the PSLRA and inevitably leave their lawyers in charge because such groups are often incapable of exercising − or unwilling to exercise − control over the litigation.

<u>Second</u>, the A-Power Group appears to have inflated its financial interest by including trades in their sworn PSLRA certifications that do not match the available historical trading data for A-Power stock.  This is material for two reasons: (1) without these unverifiable phantom trades, the A-Power Group's losses are reduced by approximately $39,495; and (2) the errors in the A-Power Group's certifications further demonstrate the haste by which the group was created by counsel; and the group's improper functioning.

In contrast to the lawyer-made A-Power Group, Jason Li has the largest losses of any individual person before this Court and has made the requisite showing under Rule 23, thus he is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  Because no movant has offered any proof rebutting the presumption in favor Li, the Court should grant Li's motion in its entirety.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**II. The A-Power Group Should Be Rejected**

**A. A-Power Group is an Improper Group**

The A-Power Group was cobbled together by their counsel for the sole purpose of achieving the largest financial interest in this action.  Courts have rejected such groups as lead plaintiffs because they lack cohesion and violate the spirit of the PSLRA..  *See, e.g., In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002) ("Although the PSLRA does not explicitly prohibit a group of unrelated individuals from acting as lead plaintiff, courts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals,

3

Memorandum of Points and Authorities of Jason Li in Opposition to Competing Lead Plaintiff Motions
– No. CV-11-5509 GW (CWx)

brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff"); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1154 (N.D. Cal. 1999) ("the lead plaintiff must be an individual person or entity, or at most, a close-knit 'group' of persons"); *Crawford v. Onyx Software Corp.*, 2002 WL 356760, at *2 (W.D. Wash. Jan. 10, 2002) ("loose group of investors whose relationship was forged only in an effort to win appointment as lead plaintiff has no real cohesiveness, is less likely to be in control of the litigation, and is subject to all of the obstacles that normally make group action difficult"); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 401-02 (S.D.N.Y. 2006); *In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (refusing to consider potential lead plaintiffs as a group); *In re Veeco Instruments Inc. Sec. Litig.*, 233 F.R.D. 330, 334 (S.D.N.Y. 2005) (disapproving aggregation of unrelated persons who join together in the hope of "becoming the biggest loser for PSLRA purposes"); *Goldberger* v. *PXRE Group, LTD.,* 2007 WL 980417, at * 5 (S.D.N.Y. Mar. 30, 2007) (noting reluctancy to aggregate a group comprised of "disparate and apparently unrelated plaintiffs"); *In re Razorfish, Inc. Sec. Litig.,* 143 F. Supp. 2d 304, 308-09 (S.D.N.Y. 2001) (rejecting group as lead plaintiff because, *inter alia,* it had no independent existence, its members had no prior relationship and group was "artifice cobbled together by cooperating counsel"); *In re Donnkenny Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) ("to allow lawyers to designate unrelated lead plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the litigation.").

Though many courts are reluctant to appoint artificial lead plaintiff groups, they have, on occasion, appointed small, cohesive groups provided adequate evidence is submitted about the group's formation and functioning. *See In re Enron Corp. Sec. Litig.,* 206 F.R.D. 427, 442 (S.D. Tex. 2002) (a proposed lead

4

Memorandum of Points and Authorities of Jason Li in Opposition to Competing Lead Plaintiff Motions
– No. CV-11-5509 GW (CWx)

plaintiff group bears "the burden of demonstrating that the group not only has the largest financial interest in the outcome of the litigation, but also a pre-litigation relationship based on more than the losing investments at issue in the securities fraud class action"); *Varghese v. China Shenghuo Pharma. Holdings Inc..*, 589 F.Supp.2d 388, 392-93 (S.D.N.Y. 2008) (in evaluating a group's cohesion and thus propriety as a lead plaintiff courts have considered evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.").

The A-Power Group is a group of five unrelated individual investors with disparate financial interests: $65,000 to 411,000. There is no client-driven reason why such shareholders would come together without the urging and control of counsel. There is simply no evidence before the Court why these shareholders came together or why? Nor is there any indication where each group member is located. Are they scattered across the U.S., do they even live in the U.S.? These are all pertinent questions that directly address whether this group can act cohesively and separate and apart from its counsel.

Rather, the evidence before the Court demonstrates that this Group is a last minute creation designed solely to create the largest financial interest. Certain certifications of the A-Power Group members are dated just days before the August 31, 2011 lead plaintiff deadline, and the certifications make no mention of the group or other members of group. For example, William J. Rooney's certification is dated August 30, 2011 yet Paolo Bechini's certification is dated August 5, 2011. *See* Docket no. 7, Ex. B. Additionally, the A-Power Group's Joint Declaration (docket no. 14) is dated August 31, 2011--the date when the lead plaintiff motions were due, and one day after Mr. Rooney signed-on to the case on

5

Memorandum of Points and Authorities of Jason Li in Opposition to Competing Lead Plaintiff Motions
– No. CV-11-5509 GW (CWx)

August 30, 2011.  Clearly these facts demonstrate that the A-Power group is an improper group constructed by its counsel at the eleventh hour.

The Joint Declaration is far from the requisite evidence to demonstrate that the A-Power Group is an appropriate group.  The carefully worded, yet conclusory, Joint Declaration states that the members *plan* to communicate telephonically with each other and counsel, but does not establish that each of the group members had actually talked with each other; nor is there any indication of a conference call.  *See* Docket no. 7, Ex. D. *see, e.g., Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, _F.R.D._, 2011 WL 2461953, at * 4 (S.D.N.Y. June 20, 2011) (rejecting unrelated group and "conclusory assurances" joint declaration as to how the group will function and communicate).

In short, the A-Power Group is a group of unrelated investors.  On this ground alone, the Court can find that the A-Power Group is an inappropriate group.  Moreover, the totality of the facts demonstrate that the driving force behind A-Power Group was to create a group with the largest losses, on this independent ground the Court should find that the A-Power Group is an improper lead plaintiff group.

### B. A-Power Group Inflated Their Financial Interest

The A-Power Group inflated its financial interest by including phantom trades by group members that do not match available historical data for A-Power stock.

Robert C. Treadwell Jr. states in his sworn certification that he purchased A-Power stock on October 1, 2010 in three lots: (a) 1,300 shares at $7.129/share; (b) 3,500 shares at $7.128/share; and (c) 200 shares at $7.119/share.  *See* Docket no. 7, Ex. B.  These purchases could not have happened as represented because A-

Power stock did not trade at those prices on October 1, 2010. *See* Declaration of Laurence Rosen filed herewith, Ex. 1.

Matthew J. Sprunger states in his sworn certification that he purchased 1,000 shares of A-Power stock at $5.2794/share on February 3, 2011. A-Power stock did not trade at that price on February 3, 2011. *Id.*. Omitting the erroneous trades, decreases the A-Power Group's aggregated losses by $39,495.

The erroneous certifications submitted by Messrs. Treadwell and Sprunger further demonstrate that the A-Power Group cannot function effectively and is a last minute creation to artificially create the largest financial interest.

### III.  Jason Li Should be Appointed Lead Plaintiff

In contrast to the lawyer-made A-Power Group, Jason Li has the largest financial interest of any individual movant before this Court. Li lost over $785,000 in his purchases of A-Power securities, and is entitled to the presumption that he is most adequate plaintiff and should be appointed lead plaintiff.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (at 732: "If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *see, also In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("[A] prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or her claims satisfy the requirements of Rule 23.").

Like all purported class members, Li alleges that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading financial statements about its business. Li purchased A-Power securities at

7

artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, Li satisfies the typicality requirement. *See Fuwei*, 247 F.R.D. at 436 ("Typicality is satisfied if 'each class member's claim arises from the same course of events, and each class members makes similar legal arguments to prove the defendant's liability.'") (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

Li has demonstrated its adequacy by submitting a sworn certification affirming his willingness to serve as, and carry out the responsibilities of, class representative. Based on his financial interest in the litigation, and satisfaction of the Rule 23 requirements at this stage, Li has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff").

Competing movants may argue that the Li should not be appointed lead plaintiff because he acquired some A-Power stock by having shares assigned to him through put contracts he sold during the Class Period. *See In re Scientific-Atlanta, Inc. Sec. Litig.*, 571 F.Supp.2d 1315, 1329-1330 (N.D. Ga. 2007) (providing definition and characteristics of put option seller). [1] This argument is without merit on several levels.

---

[1] When purchaser of the put contract exercises the option, the put option seller has to purchase the underlying security at the strike price set forth in the option contract. When this happens shares of the security are said to be assigned to the seller of the put option.

8

<u>First</u>, even if the Court were to exclude the shares Li acquired through the put contracts he sold, Li would still have the largest amount of individual losses on his open market purchase of the A-Power stock, $452,886.14 (docket no. 32-4).

<u>Second</u>, that Li sold put options contracts and that he acquired some of his shares in this manner does not disqualify him as lead plaintiff or class representative. *See, e.g., Hall v. Medicis Pharmaceutical Corp.*, 2009 WL 648626, at * 4 (D.Ariz. Mar. 11, 2009) (rejecting argument that a lead plaintiff movant who purchased and sold put options (and none of the common stock) is inadequate or atypical rejected because there were no unique defenses) (collecting cases); *In re Scientific-Atlanta Sec. Litig.*, 571 F.Supp.2d at 1329-30 (at class certification rejecting argument that class representative suffered from unique reliance defense because he sold put option contracts); *In re Priceline.com, Inc.*, 236 F.R.D. 89, 100 (D.Conn. 2006) (proposed representative adequate and does not suffer from unique reliance defense in selling put option contracts).

9

Memorandum of Points and Authorities of Jason Li in Opposition to Competing Lead Plaintiff Motions
– No. CV-11-5509 GW (CWx)

**IV.   Conclusion**

For the foregoing reasons Jason Li's motion should be granted in its entirety and the competing lead plaintiff motions should be denied..

Dated:   September 19, 2011      Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

 /s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff

10

Memorandum of Points and Authorities of Jason Li in Opposition to Competing Lead Plaintiff Motions – No. CV-11-5509 GW (CWx)

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On September 19, 2011, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES OF JASON LI IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 19, 2011

/s/ Laurence Rosen
Laurence M. Rosen

11

Memorandum of Points and Authorities of Jason Li in Opposition to Competing Lead Plaintiff Motions
– No. CV-11-5509 GW (CWx)