Richard M. Heimann (State Bar No. 63607)
rheimann@lchb.com
Joy A. Kruse (State Bar No. 142799)
jakruse@lchb.com
Sharon M. Lee
slee@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Counsel for the A-Power Investor Group and Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK CHENG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>A-POWER ENERGY GENERATION SYSTEMS LTD, JINXIANG LU, MICHAEL ZHANG, ROBERT B. LECKIE, DILIP LIMAYE, REMO RICHLI, ZHENYU FAN, JIANMIN WU, KIN KWONG MAK and EDWARD MENG,<br><br>Defendants. | Civil No. 2:11-cv-5509-GW-CW<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF THE A-POWER INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS<br><br>DATE:    October 17, 2011<br>TIME:    8:30 a.m.<br>JUDGE:   Honorable George H. Wu<br>CTRM:    10 |
| ALI ARAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>A-POWER ENERGY GENERATION SYSTEMS LTD, JINXIANG LU, KIN KWONG MAK, JOHN S. LIN, EDWARD MENG, and MICHAEL ZHANG,<br><br>Defendants. | Civil No. 2:11-cv-05649-VBF-E |

938503.1                                                                Civil No. 2:11-CV-5509-GW-CW

` MPA I<small>N</small>: F<small>URTHER</small> S<small>UP</small>. <small>OF</small> M<small>OT</small>. <small>FOR</small> C<small>ONSOL</small>., L<small>EAD</small> P<small>LAINTIFF</small> A<small>PPOINT</small>. <small>AND</small> A<small>PPROVAL OF</small> L<small>EAD</small> C<small>OUNSEL</small>

## I. INTRODUCTION

Class members William J. Rooney, Matthew J. Sprunger, Dr. Terry W. Shaw, Paolo Bechini, and Robert C. Treadwell (collectively the "A-Power Investor Group" or "Movant") respectfully submit this memorandum in further support of their motion for consolidation of the above-captioned actions, appointment as Lead Plaintiff, and approval of their selection of Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") as Lead Counsel, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, and in opposition to the competing motions.

Defendant A-Power Energy Generation Systems, Ltd. ("A-Power") filed a motion with the Judicial Panel on Multidistrict Litigation (the "JPML") to transfer related actions to the District of Nevada (the "MDL Motion"), and requested that the Court postpone the October 17, 2011 hearing on the competing motions until the MDL Motion is decided. The A-Power Investor Group does not oppose A-Power's request.

A-Power also filed a "Statement Re Motions For Appointment As Lead Plaintiff" with this Court in which it purportedly takes "no position" regarding the lead plaintiff movants, yet describes a number of cases (none of which are binding on this Court) regarding proposed lead plaintiff groups. The Court should reject A-Power's Statement because A-Power lacks standing to challenge the adequacy or typicality of the movants. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999) ("defendants lack standing to object to the adequacy or typicality of the proposed lead plaintiffs at this preliminary stage of the litigation"). Further, as A-Power correctly points out, the Ninth Circuit has not decided whether lead plaintiff groups satisfy the requirements of the PSLRA and, absent any binding authority on the issue, this Court and other Courts in this District have appointed groups of individuals as lead plaintiff. *See* Section II.A.2. herein.

Presently before the Court are four motions[1] for consolidation, appointment as Lead Plaintiff, and approval of selection of Lead Counsel.[2] The movants and their reported losses are as follows:

| Movant | Reported Losses |
|---|---|
| A-Power Investor Group | $876,257 |
| Jason Li | $785,444 |
| Richard Levinson | $380,252 |
| Carlos Baeta | $203,950 |

As demonstrated in its initial motion and herein, the A-Power Investor Group is the most adequate plaintiff under the PSLRA and should be appointed as Lead Plaintiff. The A-Power Investor Group, which suffered losses of approximately $876,257, has the largest financial interest in the litigation of all movants. The A-Power Investor Group has also demonstrated that it satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. It is a small and cohesive group whose members are capable of and committed to working together in spearheading this litigation on behalf of the class.

The A-Power Investor Group's selection of Lieff Cabraser as Lead Counsel should also be approved by the Court because, pursuant to the PSLRA, the presumptive lead plaintiff selects lead counsel. Lieff Cabraser has extensive experience and expertise in securities litigation and is qualified to adequately represent the interests of all class members.

Accordingly, the Court should grant the A-Power Investor Group's motion in its entirety and deny the motion of all other movants.

---

[1] Leonard Steinberg filed a Notice of Non-Opposition to the competing motions, acknowledging that he does not have the largest financial interest. Because Mr. Steinberg effectively is no longer actively seeking appointment as lead plaintiff, the A-Power Investor Group does not address his motion herein.

[2] The A-Power Investor Group and the other movants also filed similar motions in related actions pending in the District of Nevada. In addition, all movants, except Jason Li, filed similar motions in a related action pending in the Southern District of New York.

## II. ARGUMENT

### A. THE A-POWER INVESTOR GROUP IS THE MOST ADEQUATE PLAINTIFF

Section 21D of the PSLRA provides that in securities class actions, "courts shall appoint as lead plaintiff(s) the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, "the most adequate plaintiff" is the plaintiff who files a complaint or a lead plaintiff motion, has the largest financial interest in the case, and also satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(i).

As described in its opening brief and herein, the A-Power Investor Group timely filed its motion and has demonstrated that it has the largest financial interest of all movants. In addition, the A-Power Investor Group has demonstrated that it will adequately represent the interests of all class members and that its claims are typical of the class and, therefore, it meets the applicable requirements of Fed. R. Civ. P. 23. For these reasons, the A-Power Investor Group should be appointed as Lead Plaintiff.

#### 1. The A-Power Investor Group Has the Largest Financial Interest In the Litigation of All Movants

In appointing a lead plaintiff, the court's first priority is to identify the movant that is presumptively the most adequate plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (describing three-step process for selecting a lead plaintiff). That process begins with identifying the movant with the largest financial interest in the relief sought by the class. *Id.*

In the instant action, the A-Power Investor Group has clearly demonstrated that it has the largest financial interest in the litigation of all movants. During the Class Period, the A-Power Investor Group purchased 161,056 shares of A-Power securities and suffered a loss of approximately $876,257. The A-Power Investor

Group's loss exceeds the loss reported by movant Jason Li by more than $90,810, and, further, is hundreds of thousands of dollars greater than the losses reported by other movants.

### 2. The A-Power Investor Group Satisfies the Relevant Rule 23 Requirements

After identifying the movant with the greatest financial interest, the Court "must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d at 730.  At this early stage of the litigation, however, the movant need only make a *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23(a) to be deemed the presumptive most adequate plaintiff.  *See, e.g., Andrade v. Am. Apparel, Inc.*, No. 10-cv-06352-MMM, 2011 U.S. Dist. LEXIS 79795, at *17 (C.D. Cal. Mar. 15, 2011) ("'A wide ranging analysis is not appropriate' to determine whether the movant has made a prima facie showing that he satisfies the requirements of Rule 23, and 'should be left for consideration on a motion for class certification.'") (quoting *Fischler v. AMSouth Bancorp.*, No. 96-1567-Civ-7-17A, 1997 U.S. Dist. LEXIS 2875, at * 2 (M.D. Fla. Feb. 6, 1997)).  A movant who satisfies the first two steps described above is deemed the "presumptively most adequate plaintiff."  *In re Cavanaugh*, 306 F.3d at 730.

As fully discussed in its opening memorandum, the A-Power Investor Group readily meets the typicality and adequacy prongs of Fed. R. Civ. P. 23, as required by the PSLRA.  The A-Power Investor Group has made a preliminary showing that its claims are typical of the class because they arise from the same events and course of conduct, namely, that defendants made materially false and misleading statements in violation of the Securities Exchange Act of 1934.  The A-Power Investor Group has also shown that it will fairly and adequately protect the interests

of the class.

In addition, the A-Power Investor Group has demonstrated that it is a proper and cohesive lead plaintiff group that is capable of representing the class in this litigation. As a small group comprised of five investors, the A-Power Investor Group is precisely the type of lead plaintiff group recommended by the Securities and Exchange Commission (the "SEC" or the "Commission"). *See In re Baan,* 186 F.R.D. 214, 224 (D.D.C. 1999) ("Construing the term 'groups of person' in light of the language and purposes of the Act, a court generally should apply approve a group small enough to be capable of effectively managing the litigation and the lawyers. The Commission believes that ordinarily this should be no more than *three to five persons*, a number that will facilitate joint decision-making and also help to assure that each group member has a sufficiently large stake in the litigation.") (quoting SEC *Amicus Curiae* memorandum submitted in the case) (emphasis added)).

Moreover, this Court and a number of Courts in this District have appointed small groups of investors, like the A-Power Investor Group, as lead plaintiff under the PSLRA. *See, e.g., Reese v. IndyMac Fin. Inc.*, No. 2:07-cv-1635 (C.D. Cal. 2007) (Wu, J.) (Civil Minutes dated June 18, 2007, attached as Exhibit A to the Kruse Decl.)[3] (appointing group of two individuals as lead plaintiff); *see also In re China Ed. Alliance, Inc. Sec. Litig.*, No. 2:10-cv-09239-CAS-JC (C.D. Cal.) (Order dated Mar. 1, 2011) (attached as Exhibit B to Kruse Decl.) (appointing group of three individuals as lead plaintiff); *Schriver v. Impac Mortg. Holdings, Inc.*, SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *32-35 (C.D. Cal. May 1, 2006) (appointing lead plaintiff group comprised of two individuals); *Ferrari v. Gisch*, 225 F.R.D. 59 (C.D. Cal. 2004) (appointing group of three individuals as

---

[3] "Kruse Decl." refers to the Declaration of Joy A. Kruse In Further Support of the A-Power Investor Group's Motion For Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel, and In Opposition to Competing Motions, submitted herewith.

1  lead plaintiff); and *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1139 (C.D. Cal. 1999) (appointing group of seven investors as lead plaintiff). Indeed, in *Yanek v. Staar Surgical Co.*, the Court appointed a lead plaintiff group comprised of seven members, finding that "[t]he group is small enough to possess the ability to control the litigation and the lawyers." No. CV 04-8007 SJO (CWx), 2004 U.S. Dist. LEXIS 30953, at *16 (C.D. Cal. Dec. 15, 2004); *accord Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1068 (C.D. Cal. 1999) (finding that "when courts appoint multiple class members as lead plaintiffs, they typically appoint less than ten plaintiffs.").

As further evidence of their commitment to serve as Lead Plaintiff, the members of the A-Power Investor Group submitted with their opening motion a "Joint Declaration" describing their ability and willingness to work together in representing the best interests of the class in the litigation, to keep fully informed of the status and progress of the litigation, to meet regularly regarding the action, and to supervise lead counsel in the prosecution of the action. In addition, the Joint Declaration sets forth the mechanism by which the A-Power Investor Group members will make decisions regarding the litigation as Lead Plaintiff, namely, by majority vote, with each member entitled to one vote. Courts have found that such joint declarations are demonstrative of a movant group's adequacy as lead plaintiff. *See Ferrari*, 225 F.R.D. at 607 (appointing lead plaintiff group that submitted a joint declaration describing procedures and mechanisms for its members to work together in prosecuting the case); *Schriver*, 2006 U.S. Dist. LEXIS 40607 at *34 (appointing lead plaintiff group that submitted a joint declaration and noting that "[s]ome courts . . . consider declarations submitted by members of proposed lead plaintiff groups to determine whether the group will adequately represent the class.") (citing *Smith v. Suprema Specialties*, 206 F. Supp. 2d 627, 635 (D.N.J. 2002) and *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 45 (D. Mass. 2001)).

The A-Power Investor Group's selection of Lieff Cabraser as Lead Counsel further demonstrates its seriousness and commitment to this litigation and to seeking the maximum possible recovery for the class. As described in its firm resume, submitted with the A-Power Investor Group's motion, Lieff Cabraser has more than 20 years of securities litigation experience and has recovered hundreds of millions of dollars for injured investors. Lieff Cabraser is clearly qualified to represent the Lead Plaintiffs and the Class in this litigation as Lead Counsel.

For the reasons described in its initial motion and herein, the A-Power Investor Group is the "presumptive most adequate plaintiff" under the PSLRA and its motion should be approved in its entirety.

### B. THE OTHER MOTIONS SHOULD BE DENIED

The Court should deny the motions filed by Jason Li, Richard Levinson, and Carlos Baeta because each of them reported substantially smaller losses than the loss reported by the A-Power Investor Group. In addition, the competing movants have not produced any evidence to rebut the presumption that the A-Power Investor Group is the "most adequate plaintiff" under the PSLRA. *See In re Cavanaugh*, 306 F.3d at 732 (noting that the presumption of most adequate plaintiff may only be rebutted with "*evidence* that disputes the lead plaintiff's prima facie showing of typicality and adequacy.") (emphasis added); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3rd Cir. 2001) ("once the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can *prove* that the presumptive lead plaintiff will not do a fair and adequate job.") (emphasis added).

In addition, Mr. Li's motion should be denied because he has not properly reported his financial interest in the litigation as required under the PSLRA. Courts have refused to appoint lead plaintiffs who do not report the required transactional information, or do not clearly present their financial interest. *See, e.g., Nager v.*

*Websecure, Inc.*, No. 97-10662-GAO, 1997 U.S. Dist. LEXIS 19601, at *3 (D. Mass. Nov. 26, 1997) (rejecting a member of a group that was appointed as lead plaintiff for failure to accurately report one of his transactions in the subject security); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (denying lead plaintiff motions of movants who failed to clearly explain their financial interest); and *In re Williams Sec. Litig.*, No. 02-CV-72-H(M) (N.D. Okla. July 8, 2002) (Order) (attached as Exhibit C to Kruse Decl.) (denying lead plaintiff application of movant which failed to "articulate with clarity and specificity the bases and method for calculating its own losses" and whose certification "failed to provide sufficient information for the Court to analyze the basis for its claimed financial interest").

Here, in a "loss chart" purporting to demonstrate his losses in A-Power securities, Mr. Li reported that he was assigned 30,000 shares of A-Power in connection with his sales of option contracts, but Mr. Li did not indicate whether he retained any of those assigned shares. *See* Exhibit 3 of the Declaration of Laurence Rosen (attaching Jason Li's loss chart) (DKT # 10). Rather, under the column entitled "# SHARES RETAINED," no amount of assigned shares are listed as retained, thereby suggesting that Mr. Li sold all of the assigned shares (and did not report the transactions). In addition, Mr. Li certified that his earliest transaction in A-Power stock during the class period was the sale of 1,497 shares on March 30, 2010, but Mr. Li did not explain how or when he acquired those shares. Mr. Li certified, however, that two days later, on April 1, 2010, he purchased the same amount of shares of A-Power stock (*i.e.,* 1,497 shares). Taken together, those transactions suggest that Mr. Li may have engaged in short selling of A-Power securities during the class period which raises questions as to his adequacy to represent the class. *See, e.g., In re Critical Path, Inc.*, 156 F. Supp. 2d 1102, 1109-10 (N.D. Cal. 2001) (refusing to appoint short seller as lead plaintiff, reasoning, "[i]t is a poor choice to appoint a class representative who engaged in a trading

practice premised on the belief the stock would fall").

For the foregoing reasons, the Court should deny the motions of Messrs. Li, Levinson, and Baeta.

### III.  CONCLUSION

The A-Power Investor Group respectfully requests that the Court grant its motion for (1) consolidation of the related actions; (2) appointment of the A-Power Investor Group as Lead Plaintiff for the Class; (3) approval of the A-Power Investor Group's selection of Lieff Cabraser as Lead Counsel for the Class; and (4) such other and further relief as the Court may deem just and proper.

Dated:  September 19, 2011

Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:  /s/ *Joy A. Kruse*
      Joy A. Kruse

Richard M. Heimann (State Bar No. 063607)
Joy A. Kruse (State Bar No. 142799)
Sharon M. Lee
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Counsel for A-Power Investor Group and Proposed Lead Counsel for the Class*