Richard M. Heimann (State Bar No. 63607)
rheimann@lchb.com
Joy A. Kruse (State Bar No. 142799)
jakruse@lchb.com
Sharon M. Lee
slee@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Counsel for the A-Power Investor Group and*
*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK CHENG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>A-POWER ENERGY GENERATION SYSTEMS LTD, JINXIANG LU, MICHAEL ZHANG, ROBERT B. LECKIE, DILIP LIMAYE, REMO RICHLI, ZHENYU FAN, JIANMIN WU, KIN KWONG MAK and EDWARD MENG,<br><br>Defendants. | Civil No. 2:11-cv-5509-GW-CW<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF THE A-POWER INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL<br><br>DATE:      October 17, 2011<br>TIME:       8:30 a.m.<br>JUDGE:    Honorable George H. Wu<br>CTRM:     10 |
| ALI ARAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>A-POWER ENERGY GENERATION SYSTEMS LTD, JINXIANG LU, KIN KWONG MAK, JOHN S. LIN, EDWARD MENG, and MICHAEL ZHANG,<br><br>Defendants. | Civil No. 2:11-cv-05649-VBF-E |

940270.2

1

## I.      **INTRODUCTION**

2          Class members William J. Rooney, Dr. Matthew J. Sprunger, Dr. Terry W.

3   Shaw, Paolo Bechini, and Robert C. Treadwell (collectively the "A-Power Investor

4   Group" or "Movant") respectfully submit this reply memorandum in further support

5   of their motion for consolidation of the related cases, appointment as Lead Plaintiff,

6   and approval of their selection of Lieff, Cabraser, Heimann & Bernstein, LLP

7   ("Lieff Cabraser") as Lead Counsel, pursuant to the Private Securities Litigation

8   Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, and in response to the

9   opposition briefs filed by competing movants Jason Li and Richard Levinson.[1]

10         The A-Power Investor Group has demonstrated that it is the presumptive

11  most adequate plaintiff under the PSLRA.  It timely filed its motion with this Court

12  on August 31, 2011.  In addition, the A-Power Investor Group demonstrated that it

13  has the largest financial interest in this litigation of all movants.  The A-Power

14  Investor Group has also made the requisite *prima facie* showing that it satisfies the

15  typicality and adequacy requirements of Fed. R. Civ. P. 23.  Finally, the A-Power

16  Investor Group has demonstrated that it is a proper group whose members are

17  committed to and capable of working cohesively together in directing the

18  prosecution of this action.

19         Neither Jason Li nor Richard Levinson, each of whom reported smaller

20  losses than the A-Power Investor Group, has proffered any "proof" required to

21  rebut the presumption that the A-Power Investor Group is most adequate plaintiff

22  under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  For these reasons, the

23  A-Power Investor Group's motion should be granted in its entirety and the motions

24  of all other movants should be denied.

25

26

27  ───────────────

[1]      Leonard Steinberg filed a Notice of Non-Opposition to the competing
28  motions and Carlos Baeta did not file an opposition brief.  Accordingly, Messrs.
    Steinberg and Baeta effectively are no longer pursuing their motions.

REPLY MPA IN: FURTHER SUP. OF MOT. FOR
CONSOL., LEAD PLAINTIFF APPOINT. AND
APPROVAL OF LEAD COUNSEL
Civil No. 2:11-CV-5509-GW-CW

## II.   ARGUMENT

### A.   THE A-POWER INVESTOR GROUP IS THE MOST ADEQUATE PLAINTIFF

#### 1.   The A-Power Investor Group's Motion Is Timely

The A-Power Investor Group's motion is timely.  The A-Power Investor Group filed its motion 60 days after counsel for plaintiff in the first of five related actions against A-Power issued a press release on July 2, 2011 on *Business Wire* (the "July 2, 2011 Notice"), notifying class members of the action, as required under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i) (directing plaintiffs, within 20 days of the filing of the action, "shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class - (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

The July 2, 2011 Notice, issued by the Rosen Law Firm, clearly stated the date on which it was published:  "**July 02, 2011, 12:25 AM Eastern Daylight Time**."  *See* Reply Declaration at Exhibit A (attaching copy of July 2, 2011 Notice).[2]  The notice, however, incorrectly stated that the deadline for class members to move the Court for appointment as lead plaintiff was "August 30, 2011," or 59 days after the date on which the notice was published, July 2, 2011.  To correct this error, the Rosen Law Firm issued two additional press releases, on July 14, 2011 and on August 20, 2011, clarifying that the filing deadline was August 31, 2011.  *See* Reply Declaration, at Exhibit B (attaching copy of additional

---

[2]   "Reply Declaration" refers to the Reply Declaration of Joy A. Kruse In Further Support of the A-Power Investor Group's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, submitted herewith.

1    press releases issued by the Rosen Law Firm).   Several other law firms also issued

2    press releases concerning the pending or potential actions by A-Power shareholders.

3    *See* Reply Declaration at Exhibit C (attaching additional press releases).  A review

4    of *Yahoo! Finance* shows a total of 22 press releases concerning the pending and

5    potential actions issued by law firms, 15 of which advised class members that the

6    deadline to file lead plaintiff motions was August 31, 2011.[3]

7         In his opposition brief, Richard Levinson erroneously argues that the

8    deadline to move this Court was August 30, 2011.  Mr. Levinson asserts that

9    because the July 2, 2011 Notice was issued in connection with the above-captioned

10   action filed by plaintiff Rick Cheng, this Court should consider that action's

11   location in the Central District of California (in the Pacific Time Zone) and convert

12   the publication date and time of the notice from Eastern Daylight Time to Pacific

13   Daylight Time for purposes of determining when lead plaintiff motions were due

14   under the PSLRA.  Under Mr. Levinson's theory, the operative publication date and

15   time of the initial notice is July 1, 2011 at 9:25 p.m. Pacific Daylight Time and the

16   deadline to move for appointment as lead plaintiff was 60 days later, or August 30,

17   2011.

18        Mr. Levinson's argument is flawed and based on a misreading of the plain

19   language of the PSLRA's notice provision.  As Mr. Levinson acknowledges in his

20   opposition brief, there is no indication in the PSLRA that courts should consider the

21   time zone or location in which an action is filed in determining the "date on which

22   the notice is published."  Mr. Levinson fails to cite a single case in which a court

23   considered such information in determining whether a lead plaintiff motion was

24   timely.  In addition, requiring class members to scrutinize notices in the manner

25

26   [3]      Three of the 22 press releases provided a motion filing deadline of August
     30, 2011, including the July 2, 2011 Notice issued by the Rosen Law Firm and a
27   press release issued by counsel for movant Richard Levinson; three press release
     did not mention a motion filing deadline; and one press release indicated a
28   September 2, 2011 deadline.

REPLY MPA IN: FURTHER SUP. OF MOT. FOR
CONSOL., LEAD PLAINTIFF APPOINT. AND
APPROVAL OF LEAD COUNSEL
Civil No. 2:11-CV-5509-GW-CW

1   suggested by Mr. Levinson to determine when they should file a lead plaintiff

2   motion is unduly burdensome and contrary to the fundamental purpose of the

3   PSLRA's notice provision—to provide class members with sufficient information

4   about the case and the requirements for appointment as lead plaintiff.  *See, e.g.,*

5   *Marsden v. Select Med. Corp.*, No. 04-402, 2005 U.S. Dist. LEXIS 714, at *9-10

6   (E.D. Pa. Jan. 18, 2005) (the "fundamental purpose of the [PSLRA's] notice

7   requirement . . . is to provide class members with sufficient information about the

8   suit and the requirements for lead plaintiff appointment so that they can make an

9   informed judgment about whether they wish to seek lead plaintiff status.")

10  (citations omitted).  Accordingly, Mr. Levinson's argument should be rejected and

11  the Court should deem the A-Power Investor Group's motion timely filed.

12          **2.     The A-Power Investor Group Has Demonstrated It Has The
                     Largest Financial Interest of All Movants**
13

14          The A-Power Investor Group has demonstrated that it suffered a loss of

15  approximately $876,257 in connection with its transactions in A-Power securities

16  and that it has the largest financial interest in the litigation of all movants.

17          In his opposition brief, Jason Li questions the accuracy of a few transactions

18  listed on the certifications of A-Power Investor Group members Robert Treadwell

19  and Dr. Matthew J. Sprunger.  Messrs. Treadwell and Sprunger and their counsel

20  have reviewed the transactions and provide the following explanation to address

21  Mr. Li's concerns:  Mr. Treadwell indicated on his certification that on October 1,

22  2010 he made three purchases of A-Power stock, but inadvertently did not clarify

23  that those transactions settled on October 1, 2010, three days after he made the

24  purchases on September 28, 2010.  In the eight pages of transactions attached to Dr.

25  Sprunger's certification, one purchase of A-Power stock was incorrectly listed as

26  having occurred on February 3, 2011 instead of March 3, 2011.  Dr. Sprunger

27  submits herewith a revised certification to correct that inadvertent error.  *See* Reply

28  Declaration at Exhibit D (attaching corrected certification of Dr. Sprunger).

1   Contrary to Mr. Li's assertion, these inadvertent, minor clerical errors do not affect

2   the size of the A-Power Investor Group's reported loss of $876,257, which remains

3   the largest loss reported by all movants.

### 3.    The A-Power Investor Group Is A Proper Group

5        As discussed in its opening and opposition memoranda, the A-Power

6   Investor Group has made the requisite preliminary showing that it meets the

7   typicality and adequacy requirements of Fed. R. Civ. P. 23.   It has also

8   demonstrated that it is a proper and cohesive lead plaintiff group that is capable of

9   representing the class in this litigation.  As noted in its previously filed memoranda,

10   this Court and a number of Courts in this District have appointed small groups of

11   investors, like the A-Power Investor Group, as lead plaintiff under the PSLRA.

12        The A-Power Investor Group members have submitted a Joint Declaration

13   describing, among other things, the formation of the group, the members'

14   commitment and willingness to work together in the prosecution of the action, a

15   plan for how the members will perform their responsibilities as Lead Plaintiff, and a

16   mechanism by which the group will make decisions regarding the case.

17        As further evidence of their commitment and ability to represent the class,

18   the members of the A-Power Investor Group have conferred telephonically with

19   each other and their counsel regarding the status of the litigation and significant

20   developments related thereto, including the pendency of related actions in this

21   Court and other courts, A-Power's motion before the Judicial Panel on Multidistrict

22   Litigation to transfer the related actions to the District of Nevada, the pending lead

23   plaintiff motions and the upcoming hearings on the motions.  The members of the

24   A-Power Investor Group have exchanged their contact information with each other

25   and agreed to meet regularly regarding the action.  The group members and their

26   counsel have also established a protocol by which they will communicate regarding

27   the case and by which counsel will notify the group members of significant case

28   developments and provide copies of case documents.

To further demonstrate that the A-Power Investor Group is qualified to serve as Lead Plaintiff, it provides the following background information about its members for the Court's consideration:  Dr. Matthew J. Sprunger is an obstetrician/gynecologist and a member of the board of a hospital he founded approximately 10 years ago.  Dr. Sprunger also has a Master's Degree in Business Administration; Dr. Terry Shaw, D.C., DACRB, is a chiropractor who founded and operates a multi-specialty practice with chiropractors, medical doctors and physical therapists; Paolo Bechini, retired, was formerly the managing director of a company that distributes printing paper; Robert C. Treadwell, retired, was formerly employed at Dupont and Raytheon, and operated a business involved in the alarm industry and a distribution company of Morton Salt; and William J. Rooney, currently unemployed, was formerly a caregiver to his wife.

The A-Power Investor Group is confident that it will be able to work together effectively in heading this litigation and representing the best interests of the class.

## III.   <u>CONCLUSION</u>

The A-Power Investor Group respectfully requests that the Court grant its motion for (1) consolidation of the related actions; (2) appointment of the A-Power Investor Group as Lead Plaintiff for the Class; (3) approval of the A-Power Investor Group's selection of Lieff Cabraser as Lead Counsel for the Class; and (4) such other and further relief as the Court may deem just and proper.

1

2    Dated:  September 29, 2011          Respectfully submitted,

3                                        LIEFF, CABRASER, HEIMANN &
                                           BERNSTEIN, LLP

4                                        By:    /s/ *Joy A. Kruse*
                                                  Joy A. Kruse
5
                                         Richard M. Heimann (State Bar No. 063607)
6                                        Joy A. Kruse (State Bar No. 142799)
                                         Sharon M. Lee
7                                        275 Battery Street, 29th Floor
                                         San Francisco, CA  94111-3339
8                                        Telephone:  (415) 956-1000
                                         Facsimile:  (415) 956-1008
9
                                         *Counsel for A-Power Investor Group and*
10                                       *Proposed Lead Counsel for the Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28